MICHAEL OULLETTE *vs.* VAN BUREN TRUST COMPANY.

Aroostook County.    Decided January 20, 1926.    Appeal from an equity decree.

The issue decided in these proceedings to redeem certain real estate from an outstanding mortgage concerned whether money

which this defendant had for credit at its choice on any of several indebtednesses created by the plaintiff was or not appropriated to what for the want of a better term will be called his homestead mortgage, an instrument which the bill alleges and the answer admits is security for a note bearing interest at the rate of 8 per cent. per annum, written on 6 months and long overdue.

In the posture that the close and appreciated arguments of counsel leave the record, no other matter is calling for consideration or mention; excepting from the offering to this court of the note itself as showing that contract worded to carry interest at the stipulated rate till the principal be paid, and not merely to the maturity of the instrument.

Whether the note is thus written is beside the point. The document was not in evidence before the Justice whose decision is under review. He had but the allegation of the bill and the admission of the answer, and where they led he followed. On appeal, the record made at the trial is ruling, in distinguishableness from that which might have been.

Coming again to the main proposition. Frequency of repetition has made trite the axiom that in equity the finding of a Judge takes rank with a verdict at law, but this settled principle has especial appropriateness in the presented situation, and hence its stating once again.

To the sitting Judge was submitted the versions for or against the plaintiff's bill, each abundantly supported by believable and consistent but quite different evidence. In the very nature of things it was for him to assent to the one and not to the other. He was convinced and believed and accorded the plaintiff's side. The position the plaintiff contended for may not of necessity be strictly veritable, but with becoming propriety it was accepted and upheld, and herein is the efficaciousness which attends the appealed-from decision still.

There will be need, when the case is back to the original docket, for the extending of the limitation of time for tendering the defendant its pay for the amount due on the mortgage, the appeal being the cause of this.

In all other respects the decree below is affirmed. And the appeal is dismissed. Appeal dismissed. *Archibalds*, for plaintiff. *Powers & Mathews and Peter C. Keegan*, for defendant.